94 F.3d 644
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Phillip Douglas JACOBS, Plaintiff-Appellant,
v.
Lee FISHER, et al., Defendants-Appellees.
 No. 95-4123.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1996.
 
 1
 Before: BOGGS and NORRIS, Circuit Judges; HOOD, District Judge.*
 
 
 2
 Phillip Douglas Jacobs appeals pro se from a district court judgment that dismissed his civil rights case filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Jacobs alleged that the defendants were deliberately indifferent to his medical needs while he was incarcerated in an Ohio state prison. He alleged: 1) that prison guards did not respond to his complaints of chest pain; 2) that a prison policy made it difficult for inmates to alert guards in emergency situations; 3) that the defendants retaliated against him; and 4) that the Attorney General of Ohio encouraged these actions by representing prison officials in civil rights actions. The district court awarded summary judgment to the defendants on September 28, 1995, and it is from this judgment that Jacobs now appeals.
 
 
 4
 Jacobs's initial brief contains no argument regarding his retaliation claim or his claim against the Ohio Attorney General. He has, therefore, abandoned these claims for purposes of appellate review. See Wright v. Holbrook, 794 F.2d 1152, 1156-57 (6th Cir.1986).
 
 
 5
 We review an order granting summary judgment de novo. Copeland v. Machulis, 57 F.3d 476, 478 (6th Cir.1995) (per curiam). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions and affidavits on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Id.; Fed.R.Civ.P. 56(c).
 
 
 6
 Jacobs alleged that the warden and the Director of the Department of Corrections established the following policy that made it difficult to alert guards in emergency situations:
 
 
 7
 If you find it necessary to call for the block officer because of an emergency during the day, you are to rattle your door. During the night, you are to turn your light off and on. Do not yell out of your door unless there is an extreme emergency.
 
 
 8
 (emphasis in the original). Jacobs argues that it is difficult to rattle his door. This argument fails because Jacobs did not allege that he attempted to do so on the two occasions when he sought emergency care. The complaint also indicates that the guards were aware of Jacobs's alleged need for medical care. Thus, summary judgment was properly awarded to the warden and the director because Jacobs did not show that their policies caused his alleged injury.
 
 
 9
 Jacobs alleged that he experienced chest pains on the night of December 29, 1992. He alleged that other inmates summoned a guard named Thompson, who failed to inquire about his condition for 40 minutes and did nothing to assist him. This claim is unavailing because Jacobs did not sue Thompson, and there is no indication that any of the named defendants were involved in this incident or that they caused Jacobs's alleged injury.
 
 
 10
 Jacobs also alleged that he experienced chest pain on January 6, 1994. He alleged that two other guards failed to unlock his cell for 25 minutes despite his calls for help and the requests of other inmates who had advised them of his condition. However, the record shows that the guards' reaction was not unreasonable, as Jacobs then walked to the infirmary where a nurse advised him to return after taking blood pressure medication that was already in his possession. Moreover, the affidavit of a prison doctor clearly indicates that Jacobs does not have a serious cardiovascular problem. Thus, summary judgment was properly awarded to these guards because the record shows that they were not deliberately indifferent to Jacobs's serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106-07 (1976); Sanderfer v. Nichols, 62 F.3d 151, 155 (6th Cir.1995).
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation